**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank, NA, | No. CV-08-1911-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Corte Freccia I, LLC, | |
| Defendant. | |

Currently pending before the Court is Plaintiff Wells Fargo's Motion for Sanctions. (Dkt.#12.) After reviewing the pleadings and determining oral argument unnecessary, the Court issues the following Order.

**I.     PROCEDURAL HISTORY**

On September 19, 2008, Plaintiff Wells Fargo filed an application for the appointment of a receiver in Maricopa County Superior Court. In its application, Plaintiff alleged that Defendant Corte Freccia had defaulted on an underlying loan that had been secured by a deed of trust. Following a series of procedural delays initiated by Defendant and its counsel aimed at avoiding a state court hearing, the case was ultimately assigned to a second state court judge. This new state court judge scheduled a hearing for Monday, October 20, 2008. On Friday, October 17, 2008, the final business day before the receivership hearing, Corte

Freccia's counsel, Mr. James Armstrong, called counsel for Plaintiff, Mr. Brian Palmer, in an attempt to reach an agreement regarding the appointment of receiver, with the apparent hope that such agreement would moot the hearing that had been set for Monday. However, an agreement could not be reached. Mr. Armstrong then informed Mr. Palmer that there would be no need for the hearing on Monday, since he was going to be removing the case to federal court. Mr. Palmer told Mr. Armstrong that any attempt to remove the case was improper, since federal jurisdiction was plainly lacking. Mr. Palmer also warned Mr. Armstrong that any attempt to improperly remove the case to delay the hearing on the appointment of a receiver would result in Mr. Palmer seeking sanctions against Mr. Armstrong and Corte Freccia, as well as attorney fees.

On that same day, Friday, October 17, 2008, despite being expressly warned by opposing counsel, the instant matter was removed to federal court. The removal papers stated that federal jurisdiction was predicated upon a diversity of citizenship pursuant to 28 U.S.C. § 1332. Remarkably, Mr. Armstrong was apparently aware that both Plaintiff and Defendant were citizens of the State of Arizona. Mr. Palmer claims that he was subsequently forced to spend the weekend drafting a motion for remand.

On Monday morning October 20th, before Plaintiff could file its remand motion—and notably, after the state court had been forced to cancel the hearing that had been set on the appointment of a receiver—Mr. Armstrong filed a one-page motion for remand on behalf of Corte Freccia, which noted that the Court lacked jurisdiction. Obviously, this was an unusual and suspect action: the party seeking removal was now, less than one business day later, arguing for remand.

On that same day, Mr. Palmer filed a response to Mr. Armstrong's remand motion, agreeing that removal was unjustified. Mr. Palmer also requested that the Court provide leave for him to file a motion seeking sanctions against Corte Freccia and Mr. Armstrong, and requesting attorneys fees and costs on behalf of his client, Wells Fargo.

On October 23, 2008, this Court remanded the case back to Maricopa County State Court. At the same time, the Court permitted Wells Fargo to file a motion for sanctions and costs against Mr. Armstrong and Corte Freccia.

On November 25, 2008, Mr. Palmer filed the instant motion for sanctions against Corte Freccia and its counsel. After the motion was filed, events took another unusual turn. Neither Corte Freccia nor Mr. Armstrong filed a brief opposing Plaintiff's motion for sanctions. Instead, on December 24, 2008, Mr. Armstrong filed a notice of bankruptcy by Corte Freccia. Then, on December 29, 2008, Mr. Armstrong filed a notice of intent to defend against the sanctions motion once the automatic stay in the bankruptcy proceedings had been lifted. Then on December 31, 2009, Mr. Armstrong filed a motion asking that the Court remove him as counsel of record. Ultimately, the Court denied Mr. Armstrong's request to withdraw as counsel, and in a subsequent text order, the Court directed Corte Freccia and Mr. Armstrong to file a responsive brief. The Court noted that "[i]f Defendant and its Counsel wish to argue that the Court may not Order sanctions against Corte Freccia or its Counsel due to the filing of a bankruptcy action by Corte Freccia, such a contention must be presented to the Court in the form of a responsive brief." On June 8, 2009, Mr. Armstrong and Corte Freccia responded. On July 1, 2009, the Court granted Wells Fargo's motion for leave to file a sur-reply addressing assertions raised by Defendant and Mr. Armstrong in their belated responsive brief.

**II.  ANALYSIS**

**A. Attorney's Fees Under 28 U.S.C. § 1447(c)**

An order remanding a case to state court may require the removing party to pay the other party's costs, including attorney's fees, incurred as a result of the removal. See 28 U.S.C. § 1447(c) ("[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees"). The district court retains jurisdiction over the issue of fees and costs even after the substantive action has been remanded to state court. See Bryant v. Britt, 420 F.3d 161, 165-66 (2d Cir. 2005).

"[T]he standard for awarding fees should turn on the reasonableness of the removal." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Lussier, 518 F.3d at 1065.

It is undisputed that Corte Freccia did not have an "objectively reasonable" basis for removal. In its moving papers, Corte Freccia stated that federal jurisdiction was predicated upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. However, Mr. Armstrong later admitted that he was aware diversity jurisdiction did not exist at the time of removal, since both Parties were Arizona residents. In Corte Freccia's subsequent response brief, Mr. Armstrong claimed that removal was actually sought in order to "reserv[e] [] rights to plead certain matter that [Corte Freccia] believed would have raised questions under federal law." At the same time, Mr. Armstrong hinted that removal may have been based on an "error in reviewing the removal statutes." In any event, it is obvious that filing for removal was part of a larger strategy to forestall state court proceedings. There is no other way to reasonable explain the actions taken by Corte Freccia and Mr. Armstrong. As such, an award of attorney's fees under 28 U.S.C. § 1447(c) is appropriate against Corte Freccia and Mr. Armstrong.

**C. Bankruptcy Protection From Rule 11 Sanctions**

To the extent Corte Freccia argues that it cannot be held liable to Wells Fargo due its pending bankruptcy petition, that position is rejected. 11 U.S.C. § 362(a) provides that all collection activities taken or suits brought against a debtor must cease when he or she files for bankruptcy. The petition for bankruptcy operates as an automatic stay on all such activities. Id. However, the government regulatory exemption of § 362(b)(4) provides that the filing of a petition for bankruptcy does not stay "the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . .

. police and regulatory power." 11 U.S.C. § 362(b)(4) (Supp. 2000). This exemption "prevents the bankruptcy court from becoming a haven for wrongdoers." O'Brien v. Fischel, 74 B.R. 546, 550 (D. Haw. 1987). In the context of frivolous appeals taken by a debtor, the Ninth Circuit held that proceedings requesting the impositions of sanctions for litigation abuse are not subject to the automatic stay provision of the bankruptcy code. See In re Berg, 230 F.3d 1165, 1167-68 (9th Cir. 2000). This is because the "purpose of such sanctions is to effectuate public policy, not to protect private rights or the government's interest in the sanctioned person's property." Id.

Accordingly, the Court finds that even if attorney's fees under 28 U.S.C. § 1447(c) could not be properly awarded against Corte Freccia in light of its bankruptcy filing, the Court would still be entitled to impose monetary sanctions aimed at punishing and deterring misconduct before this Court.[1] As such, removing a case to federal court with no discernable basis other than to cause delay in a state court proceeding is sanctionable under Rule 11 of the Federal Rules of Civil Procedure. See Hewitt v. City of Stanton, 798 F.2d 1230, 1232-33 (9th Cir. 1986). Rule 11 sanctions may be awarded by the court when a signed paper is submitted that is either (1) frivolous, legally unreasonable, or without factual foundation, or (2) the filing was done for an improper purpose, such as harassment, unnecessary delay or needless increase in litigation costs. See Fed R. Civ. P. 11(b). The district court may award sanctions against an attorney or a party. See Fed R. Civ. P. 11(c).

Here, Corte Freccia's removal petition was attested to by Mr. Armstrong, thereby triggering the requirements of Rule 11. As noted above, this filing was frivolous and had no "objectively reasonable" legal or factual basis. Moreover, the filing was taken in bad faith, since it was filed on a late Friday afternoon for no other reason than to delay a state court proceeding that had been set for the following Monday morning. This behavior was clearly sanctionable. Therefore, assuming arguendo that Corte Freccia cannot be held accountable

---

[1] It should be also noted that the Mr. Armstrong has not filed for bankruptcy. Thus, he and his law firm may still be subject to an imposition of attorney's fees under 28 U.S.C. § 1447(c).

1 under the removal statute for its improper removal, it is still subject to monetary sanctions
2 under the Rule 11. For this reason, the automatic stay granted to Corte Freccia does not affect
3 these proceedings.

### D. The Amount of Attorney's Fees or Sanctions

As the facts of the case make clear, it is extremely regrettable that the Court has been forced to spend any of its valuable resources dealing with this matter. The purpose of 28 U.S.C § 144(c) is to compensate a party for the reasonable expenses it has incurred in dealing with an improper removal. Corte Freccia's costs are also the appropriate point of departure for any amount of sanctions awarded under Rule 11.

The Court notes the problematic nature of Wells Fargo's fee application. The costs set forth in this application are both over-inclusive and under-inclusive. The fee application is over-inclusive because Wells Fargo has requested that the Court award Wells Fargo all fees that it incurred as a result of the improper removal; this includes costs associated with the underlying state court action, which were accumulated attendant to the improper removal. At the same time, Wells Fargo's fee application is under-inclusive because it was submitted before Corte Freccia and Mr. Armstrong attempted to extricate themselves from this matter by filing a frivolous bankruptcy notice and motion to withdraw as counsel of record. Defendant's bizarre tactics forced Wells Fargo to then incur additional legal costs, including those associated with filing a sur-reply brief addressing Corte Freccia and Mr. Armstrong's tardy response brief.

The Court finds that the most appropriate way to address the amount of attorney's fees/sanctions that Plaintiff can be properly awarded is to require Wells Fargo to submit a revised fee application. This fee application may include all costs that Wells Fargo has incurred since November 25, 2008, the date that the original motion for sanction was filed with the Court. At the same time, Wells Fargo is instructed that its fee application may only include costs directly incurred in this lawsuit. Costs that resulted from the improper removal, but that were not associated with the prosecution of this actual lawsuit will be disallowed and struck. It is also appropriate to remind Wells Fargo that the Court will only compensate its

reasonable costs, and that "[t]he Court's directive to the plaintiff to present evidence of [its] just costs and expenses [is] not an invitation to indulge in overreaching." See Mehney-Egan v. Mendoza, 130 F. Supp. 2d 884, 885 (E.D. Mich. 2001).

**Accordingly,**

**IT IS HEREBY ORDERED** granting Plaintiff's Motion for Sanctions. (Dkt.#12.)

**IT IS FURTHER ORDERED** that the award of attorney's fees/sanctions will be assessed against Defendant Corte Freccia and its counsel James P. Armstrong.

**IT IS FURTHER ORDERED** that Corte Freccia and James P. Armstrong will be each be liable for one-half of Wells Fargo's attorney's fees.

**IT IS FURTHER ORDERED** that within 7 calendar days from the date of this Order, Wells Fargo will submit a revised fee application. Corte Freccia and James P. Armstrong may file objections to the fee application within 5 calendar days from the date of that filing.

DATED this 28th day of September, 2009.

_____
Mary H. Murguia
United States District Judge