**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Wells Fargo Bank, NA, | ) | No. CV 08-1911-PHX-MHM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Corte Freccia I, LLC, | ) | |
| Defendant. | ) | |

The Court has previously determined that Plaintiff Wells Fargo Bank, N.A. is entitled to an award of fees from Defendant Corte Freccia I, LLC ("Corte Freccia") and its Counsel, Mr. James P. Armstrong, under 28 U.S.C. § 1447(c) and Rule 11 of the Federal Rules of Civil Procedure. (See Dkt.#32). The Court's earlier Order indicated that Corte Freccia and Mr. Armstrong would each be liable for one-half of the fees that Wells Fargo incurred fighting the improper removal initiated by Defendant Corte Freccia and its Counsel Mr. Armstrong. The Court also indicated that an award of fees would be appropriate due to the aberrant behavior demonstrated by Defendant and its Counsel following the filing of Wells Fargo's Motion for Sanctions. However, due to questions regarding Wells Fargo's fee application, the Court directed Wells Fargo to submit a revised fee application that includes only those costs associated with the federal proceedings and not the related state court litigation.

Wells Fargo has now submitted its revised fee application, (Dkt.#33), and objections to this application have also been filed by Defendant and its Counsel. (Dkt.#37). Defendant and its Counsel submitted an additional Motion to Strike the Amended Affidavit of Brian Palmer. On May 4, 2010, the Court denied this Motion to Strike, noting that the arguments contained in the briefing were better characterized as substantive objections to the requested fee award and the Motion did not set forth justifications for the Court to strike the amended affidavit from its docket. (See Dkt.#40). As such, the Court noted that it would consider the arguments contained in the Motion to Strike when assessing the proposed fee award. (Id.)

As the Court previously noted, under 28 U.S.C. § 1447(c), only reasonable costs will be compensated, and "[t]he Court's directive to the plaintiff to present evidence of [its] just costs and expenses [is] not an invitation to indulge in overreaching." See Mehney-Egan v. Mendoza, 130 F. Supp. 2d 884, 885 (E.D. Mich. 2001). While the Court strives to avoid micromanaging an attorney's fee schedule, when a party submits a request for compensation, it triggers the Court's duty to ensure that the fees levied against the opposition are fair and reasonable. After reviewing the revised fee application, the Court is of the firm opinion that any questions regarding the overall reasonableness of the fees incurred by Wells Fargo have been adequately addressed in the revised fee application. As such, the Court will grant Wells Fargo's fee application and award it attorneys' fees totaling $19, 703.50, one-half of which will be paid by Corte Freccia, LLC, and one-half of which will be paid by its Counsel Mr. Mr. James Armstrong. To the extent Corte Freccia and Mr. Armstrong contest the reasonableness of the fees incurred, the Court must note that the unjustifiable conduct of Defendant and its Counsel were the sole cause of the increased cost of litigating this matter, including all post-remand costs incurred by Wells Fargo. The Court has reviewed all of the relevant documents submitted by Wells Fargo, including their Counsel's fee records and general billing methods. The Court finds nothing objectionable to the rate that was charged or the amount of time that was spent.

/ / /

**Accordingly,**

**IT IS HEREBY ORDERED** directing Defendant Corte Freccia I, LLC and its Counsel Mr. James P. Armstrong to pay attorneys' fees to Plaintiff Wells Fargo Bank, NA in the total amount of $19,703.50.

**IT IS FURTHER ORDERED** that Defendant Corte Freccia I, LLC shall be liable for one-half of the awarded fees, or $9,851.75.

**IT IS FURTHER ORDERED** that Counsel for Defendant, Mr. James P. Armstrong shall be liable for one-half of the awarded fees, or $9,851.75.

DATED this 28th day of July, 2010.

_____
Mary H. Murguia
United States District Judge